IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KYMBERLY SIMONS,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CAUSE NO. 1:22-cv-537** |
| | § | |
| | § | |
| **KEVIN C. CHANG, PLLC d/b/a** | § | |
| **TRANSCEND DENTAL HEALTH,** | § | |
| **KEVIN C. CHANG, in his** | § | |
| **individual capacity, TRANSCEND** | § | |
| **DENTAL MANAGEMENT, P.C., and** | § | |
| **MATTHEW CARPENTER, in his** | § | |
| **individual capacity,** | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, KYMBERLY SIMONS (hereinafter "Ms. Simons" or "Plaintiff"), complains of Defendants, KEVIN C. CHANG, PLLC d/b/a TRANSCEND DENTAL HEALTH, KEVIN C. CHANG in his individual capacity, TRANSCEND DENTAL MANAGEMENT, P.C., and MATTHEW CARPENTER, in his individual capacity, (collectively "Defendants" or "Transcend Dental"), and for cause of action would show the court and jury the following:

### I.
### NATURE OF THIS ACTION

1. This is an employment discrimination and retaliation lawsuit. Defendants employed Ms. Simons as a Registered Dental Assistant in Round Rock, Texas. Defendants, including specifically Matthew Carpenter, routinely made racist comments and statements about Ms. Simons, who is African American, as well as other African Americans, including referring to

them as "niggers" and "spooks". Defendants subjected Ms. Simons to a racially hostile work environments and treated her differently and more negatively compared with the way non-African American employees were treated. When Ms. Simons spoke to management and opposed the racist treatment and discrimination, Defendants failed to take action to stop the discrimination and retaliated against her, creating an environment no reasonable person could tolerate and constructively terminated her employment. Defendants' actions were devastating to Ms. Simons, and this suit is brought to seek justice for their illegal acts in violation of 42 U.S.C. §1981.

## II.
## PARTIES AND SERVICE

2. Plaintiff, Kymberly Simons, is a resident of Williamson County, Texas.

3. Defendant Kevin C. Chang, PLLC is a professional limited liability company doing business as Transcend Dental Health in Williamson County, Texas. At all times relevant to this case, Defendant Kevin C. Chang, PLLC acted as Plaintiff's employer or joint employer under all applicable statutes. This Defendant may be served by serving its Registered Agent, Trinity Members LLC, 501 Congress Ave., Ste. 150, Austin, Texas 78701.

4. Defendant Kevin C. Chang (hereinafter "Defendant Chang") is the managing member of Kevin C. Chang, PLLC and resides in the State of Texas. At all times relevant to this case, Defendant Chang directly participated in the discriminatory, retaliatory, and otherwise unlawful employment decisions and actions taken against Plaintiff and was a covered employer under all relevant statutes. This Defendant may be served at his business address, 7215 Wyoming Springs Dr., #800, Round Rock, Texas 78681.

5. Defendant Transcend Dental Management, P.C. is a professional corporation doing business in Williamson County, Texas. At all times relevant to this case, Defendant Transcend Dental Management, P.C. acted as Plaintiff's employer or joint employer under all applicable

statutes. This Defendant may be served by serving its Registered Agent, Loren R. Cook & Associates Ltd., LLP, 12505 Memorial Drive, #330, Houston, Texas 77024.

6. Defendant Matthew Carpenter (hereinafter "Defendant Carpenter") is the President of Transcend Dental Management, P.C. At all times relevant to this case, Defendant Carpenter directly participated in the discriminatory, retaliatory, and otherwise unlawful employment decisions and actions taken against Plaintiff and was a covered employer under all relevant statutes. This Defendant may be served at his business address, 7215 Wyoming Springs Dr., #800, Round Rock, Texas 78681.

## III.
## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper within the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391.

## V.
## FACTS

9. On approximately March 9, 2020, Defendant Transcend Dental Management, P.C. hired Ms. Simons as a Registered Dental Assistant. Defendants recognized Ms. Simons was a dedicated employee who had no disciplinary or performance issues throughout the entirety of her employment. Defendants gave Ms. Simons numerous raises and bonuses because of her strong performance.

10. Defendant Transcend Dental Management, P.C. assigned Ms. Simons to report to Defendant Carpenter, a dentist who is a white/Caucasian male. Ms. Simons is African American.

11. During the course of her employment with Transcend Dental, Defendant Carpenter targeted Ms. Simons on account of her race and subjected her to repeated racist, derogatory, and

offensive comments, statements, and jokes about her race and/or other African American individuals.

12. On multiple occasions, Defendant Carpenter referred to African American people as "niggers" and/or "spooks" in the presence of Ms. Simons, and upon information and belief, in the presence of other employees and/or patients. For example, Defendant Carpenter made multiple racist comments about Ms. Simons having "nigger nails" and being the "nigger running around the office".

13. Defendant Carpenter made racist comments and/or comments based on racially offensive stereotypes to Ms. Simons. For example, Defendant Carpenter made repeated comments to Ms. Simons about having her braid his hair (e.g. give him "Alan Iverson braids") when she is not a hair stylist and did not herself have braided hair at the time. He even placed rubber bands used for braiding hair in Ms. Simons' scrubs pockets in an apparent attempt to coax her into braiding his hair. On multiple occasions, after Defendant Carpenter got his hair braided outside of the office, he bragged about his "corn rows", questioned Ms. Simons about what "du rag" to wear, and asked her what hair products he needed to buy. He also questioned "how do y'all sleep with this shit?" and "why do y'all pull it so fucking tight?" Defendant Carpenter directed these comments and questions at Ms. Simons and not her non-African American coworkers.

14. Defendant Carpenter also commented about Ms. Simons' hair/hair styles (e.g. asking to touch her hair, asking how long it took to do her hair, asking if she could wash her hair, etc.) and referred to her shoes as "Jordans" (despite the fact that she was wearing New Balance shoes). Ms. Simons' non-African American counterparts were not treated in this manner by Dr. Carpenter.

15. In approximately April 2021, Defendant Carpenter sold his dental practice to Defendant Chang and/or Defendant Kevin C. Chang, PLLC. After being informed of the sale of the dental practice, Ms. Simons and other employees contacted Defendant Chang and his brother/associate, Bryan Chang (who presented himself as the HR Manager for Defendant Kevin C. Chang, PLLC), to complain about Defendant Carpenter's treatment of employees, including his racist and discriminatory behavior towards Ms. Simons.

16. On approximately April 12, 2021, Defendant Chang and Bryan Chang spoke with Jenn Ulguray, a former receptionist with Defendant Transend Dental Management, P.C. Ms. Ulguray informed them that she had witnessed Defendant Carpenter refer to African Americans, including Ms. Simons, as "niggers" on multiple occasions. She also reported other racist comments and behavior by Defendant Carpenter, including his repeated and harassing comments about having Ms. Simons braid his hair because she was black.

17. Following the call with Ms. Ulguray, Bryan Chang, on behalf of Defendant Chang and Defendant Kevin C. Chang, PLLC, spoke with Ms. Simons and another employee, Tanya 'Mai' Nguyen. During this call, Ms. Simons and Ms. Nguyen both provided additional examples of racist and discriminatory behavior by Defendant Carpenter, including his use of the words "nigger" and "spook" in referring to African Americans and/or Ms. Simons. Ms. Simons also brought up the fact that Defendant Carpenter kept a black figurine on his work desk that she found to be racially offensive. Bryan Chang informed Ms. Simons that he had reported everything they discussed to Defendant Chang.

18. In or about early May 2021, Defendant Chang and Defendant Kevin C. Chang, PLLC officially took over the dental practice operating as Transcend Dental Health. Despite his knowledge of Defendant Carpenter's history of racist and discriminatory behavior, Defendant

Chang kept Defendant Carpenter employed as a dentist and failed to take action to stop his discriminatory behavior and/or to protect Ms. Simons.

19. In his new role as a non-owner dentist with Defendant Kevin C. Chang, PLLC, Defendant Carpenter continued to discriminate against Ms. Simons. For example, in or about June of 2021, Defendant Carpenter falsely told Defendant Chang that Ms. Simons did not want to assist Defendant Chang in an attempt to undermine her. This humiliated and embarrassed Ms. Simons in front of the new owner, Defendant Chang. When Ms. Simons told Defendant Chang that this was not true, he again did nothing to stop the harassment and/or protect Ms. Simons other than suggesting that she try to avoid and "distance" herself from Defendant Carpenter.

20. Although Ms. Simons attempted to focus solely on continuing to provide excellent care to her patients at Transcend Dental, Defendant Carpenter continued to make racist and discriminatory comments to and about Ms. Simons and create a hostile and discriminatory work environment. On an approximately weekly basis, Ms. Simons complained to Defendant Chang about Defendant Carpenter's racist, discriminatory and hostile behavior towards her.

21. On approximately August 12, 2021, Ms. Simons was experiencing severe anxiety as a result of Defendant Carpenter's discriminatory treatment. Defendant Chang witnessed her hands shaking and her appearing nervous. Ms. Simons told Defendant Chang that Defendant Carpenter had berated her in a room and called her "ignorant". In the presence of Bryan Chang, Defendant Chang acknowledged Defendant Carpenter's racist behavior and told Ms. Simons that he knew Defendant Carpenter called her "the nigger running around the office." Ms. Simons was shocked at Defendant Chang's response and began to cry uncontrollably. Defendant Chang sent Ms. Simons home for the day.

22.   Approximately three hours after her conversation with Defendant Chang on August 12, 2021, Defendant Chang moved Ms. Simons into the Lead Assistant position in an apparent attempt to silence her.

23.   Both Defendant Chang and Bryan Chang instructed Ms. Simons to perform her job duties in the back of the office to avoid Defendant Carpenter.  Rather than properly investigate Ms. Simons' (and other employees') numerous complaints about Defendant Carpenter's racist and discriminatory behavior, Defendant Chang further ostracized and effectively punished Ms. Simons.  The lack of corrective action taken by Defendant Chang and Transcend Dental effectively provided Defendant Carpenter with a greenlight to continue his discriminatory treatment of Ms. Simons.

24.   It became clear to Ms. Simons that Transcend Dental and Defendant Chang were not going to take any action against Defendant Carpenter.  Instead, Transcend Dental and Defendant Chang made it clear that Defendant Carpenter's job with Defendant Kevin C. Chang, PLLC and Defendant Chang was safe in spite of Ms. Simons' (and other employees') repeated complaints and Defendant Chang's knowledge of Defendant Carpenter's continued racist and discriminatory behavior.

25.   On approximately August 16, 2021, Transcend Dental constructively discharged Ms. Simons.  In spite of being informed multiple times of the offensive and racially discriminatory and retaliatory conduct towards Ms. Simons, Transend Dental took no appropriate action to address the situation.  Rather than continuing to subject herself to the discriminatory and retaliatory behavior of the Defendants, Ms. Simons informed Defendant Chang that she could no longer work for Transcend Dental and Defendant Chang because she could no longer work "in the same building as [Defendant] Carpenter" where he is allowed to "freely say nigger…"  She further

informed Defendant Chang that she could no longer work for an employer that allowed Defendant Carpenter to behave in this discriminatory way and to respond to her complaints by telling her "to just stay in the back [of the building]."

26. Defendant Chang did not dispute Ms. Simons' allegations of race discrimination or retaliation. Defendant Chang stated that Defendant Carpenter's hostile and discriminatory behavior was "not okay with us either." Defendant Change told Ms. Simons she was an excellent employee, but Defendant Chang and Transcend Dental did not attempt to retain Ms. Simons as an employee, nor did they take appropriate action to stop Defendant Carpenter's discriminatory and offensive behavior.

27. As a result of Transcend Dental's discriminatory and retaliatory treatment, Ms. Simons has suffered, and continues to suffer, from serious mental health issues for which she has received, and continues to receive, treatment.

## VI.
## CAUSES OF ACTION

### COUNT I – Discrimination Under 42 U.S.C § 1981

28. Plaintiff incorporates the preceding paragraphs by reference.

29. The aforementioned conduct by Defendants constitutes violations of 42 U.S.C. §1981.

30. Defendants treated Plaintiff less favorably than similarly situated non-African American employees in the terms and conditions of employment. Furthermore, Defendants subjected Plaintiff to a hostile work environment because of her race. Defendants' treatment of Plaintiff negatively and adversely impacted her employment.

31. Defendants did not have adequate policies or procedures in place to address the discrimination. This discrimination affected the terms and conditions of Plaintiff's employment, and Plaintiff was ultimately constructively discharged because of her race.

32. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses, and other damages. Plaintiff has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

33. At all times relevant to this action, Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. §1981, thus entitling Plaintiff to punitive damages.

### COUNT II – Retaliation Under 42 U.S.C § 1981

34. Plaintiff incorporates the preceding paragraphs by reference.

35. The aforementioned conduct by Defendants constitutes violations of 42 U.S.C. §1981. Specifically, Defendants subjected Plaintiff to retaliation described hereinabove because of her complaints of race discrimination.

36. As a result of the unlawful retaliatory actions of Defendants, Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, medical and mental health costs, both past and future, and lost employment benefits.

37. As a result of Defendants' unlawful retaliation, Plaintiff has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

38. At all times relevant to this action, Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. §1981, thus entitling Plaintiff to punitive damages.

## VII.
## DAMAGES

39. As a proximate result of Defendant's improper and illegal actions, Defendants are responsible and liable for compensatory and exemplary damages.

40. Furthermore, Plaintiff has sustained and Defendants are responsible and liable for the following damages as a result of the actions and/or omissions of Defendant described herein above:

   a. Back pay in an amount the Court deems equitable and just to make Plaintiff whole;

   b. Reinstatement to her position and restoration of benefits or front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   c. Loss of enjoyment of life;

   d. Mental anguish in the past and future;

   e. Injury to professional standing;

   f. Injury to character and reputation;

   g. Loss of earning capacity in the past and future;

   h. Punitive damages based on Defendant's malice and/or reckless indifference to the rights of Plaintiff;

   i. Prejudgment and post-judgment interest as allowed by law;

   j. All reasonable and necessary costs incurred in pursuit of this suit;

   k. Expert fees as the Court deems appropriate;

      l.      All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff; and

      m.     All other damages for which the Court determines Defendants are responsible and liable.

## VIII.
## JURY DEMAND

41. Plaintiff hereby requests a trial by jury.

## IX.
## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiff requests that Defendants be cited to appear and answer herein, and that on final trial of the Court award the Plaintiff the following relief:

1. Reinstate Plaintiff to her position and/or award Plaintiff front pay;

2. Award Plaintiff compensatory damages for Plaintiff's past and future mental anguish, loss of income, loss of earning capacity, and other losses specifically stated hereinabove;

3. Award Plaintiff punitive or exemplary damages;

4. Award Plaintiff reasonable attorney's fees and court costs;

5. Award Plaintiff prejudgment and post-judgment interest at the maximum rate allowed by law on all back pay and benefits, compensatory damages, punitive/exemplary damages, and attorney's fees and costs awarded; and

6. Award Plaintiff such further and additional relief for which the Court determines Defendants are responsible and liable.

Respectfully submitted,

**HOWARD & KOBELAN**
115 S Wild Basin Road, Suite 306
Austin, Texas 78746
(512) 480-9300
(512) 480-9374
lhoward@howardkobelan.com

*/s/ Logan Howard*_____
Logan Howard
State Bar No. 24069952

and

**CREWS LAW FIRM, P.C.**
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)

Robert W. Schmidt
State Bar No.  17775429
Schmidt@crewsfirm.com

**Attorneys for Plaintiff**